UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NYCERE BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-CV-1890 SPM |
| | ) |
| HERBERT L. BERNSEN, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Nycere Bey, also known as Curtis L. Flanagan. In addition, petitioner has filed a motion for leave to commence this action without payment of the required filing fee. Based on the information submitted by petitioner, his motion to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a). However, it appears that petitioner has not presented his claims to the Missouri courts and that dismissal for failure to exhaust available state remedies is appropriate. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254. As a result, the Court will order Bey to show cause why the petition should not be dismissed.

### Background

Petitioner Bey filed his "Affidavit for Writ of Habeas Corpus" on November 5, 2018. In the opening paragraph of his Affidavit – like everything else filed by Bey in this matter – he states that Nycere Bey is "the real party in interest for Curtis Lamarr Flanagan; which is a transmitting utility and trust."[1] ECF No. 1 at 1. The filing was not submitted on a court form

---

[1] *See also Bey v. Childrey*, No. 4:18-CV-494-NAB (E.D. Mo.) where petitioner Nycere Bey also claimed to be the "real party of interest" for Curtis Flanagan, the "transmitting utility" and "foreign trust." In that matter, Bey identified himself as a "natural man" and an "Indigenous American Moor of Yisrael." He argued that the State of

1

and is very difficult to follow, but it clearly states that Bey seeks relief pursuant to U.S.C. § 2254 and cites the state court case number "17SL-CR09616-01." Bey alleges violations by the individuals "Tara Renaud" and "Joseph Walsh" and he mentions allegations of forgery, altering the structure of documents, and illegal commercial liens. Bey asserts that his rights were violated during the state court trial proceedings, that he was denied assistance of counsel, that the court lacked jurisdiction to hear his case, and that he was denied a speedy trial. Bey seeks dismissal of all charges and immediate release.

On November 7, 2018, the Court issued an order in this matter requiring Bey to either pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* on the court-provided form. On November 15, 2018, Bey filed the court-provided motion to proceed *in forma pauperis* but the only thing written on the form was "N./A." in response to ten of the questions, and the form was not signed. ECF No. 4. Attached to the incomplete motion form was a handwritten "Affidavit to Proceed without Payment" (ECF No. 4-1), in which Bey argued for waiver of the required filing fee based on the U.S. Constitution's statement that: "No state shall … make anything but gold and silver coin a tender in payment of debts." U.S. Const. art. 1, § 10.

On November 28, 2018, Bey filed a document titled "Amendment Add on for Writ of Habeas Corpus," in which he stated that "Case Numbers 18SL-CR01374 and 18SL-CR01374-01 should be added to" his writ of habeas corpus filed in this matter. In this filing, Bey mentions the charges of tampering with a judicial officer and again alleges violations by the individual "Tara Renaud." ECF No. 6. Finally, on December 21, 2018, Bey filed an "Affidavit of Amended Injunction per Rule 60," in which he argues that the judgments in cases "18SL-CR-

---

Missouri lacked the authority to prosecute him and asked the Court to "release the body to Clan Mother, Yisrael Nation, Parankiyah Yisrale-bey." ECF No. 1.

01374" and "17SL-CR09616" are void because of various reasons including lack of jurisdiction, speedy trial violation, fraud on the court, and satisfaction of judgment. ECF No. 8.

A review of Missouri's CaseNet system indicates that Curtis Flanagan was charged in Missouri's Twenty-First Judicial Circuit in Case No. 17SL-CR09616-01 with forgery and filing a property lien to harass/defraud, and in Case No. 18SL-CR01374-01 with two counts of forgery, two counts of filing a property lien to harass/defraud, and two counts of tampering with a judicial officer. It appears that the cases were joined for trial which was held on October 29 and 30, 2018, before Judge Joseph Walsh. Bey waived his right to counsel and represented himself in the matter. Bey was found guilty by a jury on all counts. Tara Renaud was the Assistant Prosecuting Attorney on the case. On January 29, 2019, Flanagan was sentenced by Judge Walsh to 4 year terms on the property lien counts, 5 year terms on the forgery counts, and 5 year terms on the tampering counts, with all the sentences running concurrently. In addition, a search of the Missouri Department of Corrections Offender database indicates that offender Curtis Flanagan is currently being held at the Eastern Reception Diagnostic Correctional Center on a 5 year sentence for the charges of forgery (3 counts), filing a property lien to harass/defraud (3 counts), and tampering with a judicial officer (2 counts).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>> (A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.' " *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted). As stated by the Court in *O=Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). For a Missouri defendant, a "judgment becomes final for purposes of appeal when the judgment and sentence are entered." *State v. Hotze*, 250 S.W.3d 745, 746 (Mo. Ct. App. 2008) (citing *State v. Welch*, 865 S.W.2d 434, 435 (Mo. Ct. App. 1993)).

In this case, petitioner's "Affidavit for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 was received by this Court on November 5, 2018. Bey was not sentenced on his state court convictions at issue in his writ until January 29, 2019. Therefore as of the date of filing of this

matter, his judgment was not yet final. It appears Bey's petition with this Court is premature because he has not exhausted his state remedies. The Court will order Bey to show cause why the petition should not be dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A), for failure to exhaust available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED.**

**IT IS FURTHER ORDERED** that Bey shall show cause in writing within **thirty (30) days** of the date of this Order, why his petition should not be dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A), for failure to exhaust available state remedies.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of February, 2019.